UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KEVIN WILLIAMS,

       *Plaintiff*,

  v.

PRETRIAL SERVICES AGENCY FOR THE DISTRICT OF COLUMBIA,

       *Defendant.*

Civil Action No. 23-1859 (RDM)

### MEMORANDUM OPINION

Plaintiff Kevin Williams ("Plaintiff"), proceeding *pro se*, initiated this lawsuit against the Pretrial Services Agency for the District of Columbia ("PSA") by filing suit in Superior Court of the District of Columbia on May 5, 2023. Dkt. 1-1 at 2. Plaintiff's complaint is sparse by any measure. He merely asserts: "This complaint is in regards to some fake charges that ha[ve] been placed on my criminal record. Please see attachment." Dkt. 5 at 8. In the attachment, he then asserts:

> I've informed to my lawyer that these charges are fake, and he advised me to bring it up in court. I currently have a case pending, and the Judge has the ability to show prejudice towards me, because of these fake convictions. I've talked to my case manager as well of these matters, and to her knowledge it was an error. I was not provided any new paperwork of such matter, and she denied my request for me to obtain a new copy. I have no new documents to prove in court. Not only is this illegal, but this is a identity theft issue as well. I believe I should be compensated, and such matter should be investigated.

*Id.* at 10. Plaintiff seeks compensatory relief and asks that "this matter be investigated." *Id.* at 8.

### I.

On June 26, 2023, PSA removed the action to this Court pursuant to 28 U.S.C. § 1442(a)(1), which permits removal of actions brought against "any agency" of the United

States.[1]  28 U.S.C. § 1442(a)(1); *see* Dkt. 1 at 1.  At the time of removal, PSA had not yet been served.[2]  *See* Dkt. 5 at 2.  Then, on October 6, 2023, PSA moved to dismiss Plaintiff's suit for lack of subject-matter jurisdiction, insufficient service of process, and failure to state a claim.  Dkt. 8 at 1.  In response, the Court did two things:  First, it issued a *Fox*/*Neal* Order on October 10, 2023, cautioning Plaintiff that, if he failed to respond to PSA's motion, the Court might (1) treat the motion as conceded, (2) decide the motion based solely on PSA's filings, or (3) dismiss the case for failure to prosecute.  Dkt. 10.  Second, the Court directed Plaintiff to effect service "in the manner prescribed by Rule 4 . . . on or before November 6, 2023" and to file proof of service by that date or to show good cause for an extension of time to effect service.  *Id.*; Min. Order (Oct. 10, 2023).

That same day, Plaintiff filed an opposition brief—denominated as a motion not to dismiss—explaining that his case alleges "defamation" and "other legal errors," and again requesting that the matter be investigated or that he receive compensation "due to the court[']s mistake."  Dkt. 11 at 1.  Plaintiff's opposition, however, fails to offer any substantive response to the arguments raised in PSA's motion to dismiss.

---

[1] PSA is a federal agency.  *See* PSA Home Page, https://perma.cc/W8EB-72PP.  Specifically, PSA "is a federal independent entity within the Court Services and Offender Supervision Agency (CSOSA)."  PSA About Page, https://perma.cc/VL6X-8WHU.

[2] The Court notes that PSA's removal was timely because "the 30-day period for removal under 28 U.S.C. § 1446(b) does not run until a defendant is brought under the court's authority by formal service of process (or waiver of such service)."  *Mohammed v. Cooper*, 2023 WL 4547995, at *2 (D.D.C. July 14, 2023) (quoting *UMC Dev., LLC v. D.C.*, 982 F. Supp. 2d 13, 17 (D.D.C. 2013).  "This is true even if the defendant knows about the suit earlier and has obtained a copy of the complaint."  *Id.* (quoting *UMC Dev., LLC*, 982 F. Supp. at 17).

## II.

A *pro se* litigant's pleadings are held to less stringent standards than the standards applied to formal pleadings drafted with the assistance of counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, even *pro se* litigants must comply with the Federal Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). As relevant here, Rule 12 entitles an opposing party to dismissal if the court lacks subject-matter jurisdiction or if the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(1), (5)–(6). Where, as here, a defendant files a motion to dismiss for lack of jurisdiction, pursuant to Rule 12(b)(1), and also moves to dismiss for failure to state a claim, pursuant to Rule 12(b)(6), "the court must first examine the Rule 12(b)(1) challenges" because a dismissal for lack of subject matter jurisdiction renders "the [other] accompanying defenses and objections [ ] moot[.]" *Schmidt v. U.S. Capitol Police Bd.*, 826 F. Supp. 2d 59, 64 (D.D.C. 2011) (citations and internal quotation marks omitted). The Court, accordingly, starts—and ends—with PSA's motion to dismiss for lack of jurisdiction.

At the motion to dismiss stage, a challenge to the Court's jurisdiction may take one of two forms. First, a Rule 12(b)(1) motion may raise a "facial" challenge to the Court's jurisdiction. A facial challenge asks whether the complaint alleges facts sufficient to establish the court's jurisdiction. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *see also I.T. Consultants v. Pakistan*, 351 F.3d 1184, 1188 (D.C. Cir. 2003). In this posture, the Court must accept the factual allegations of the complaint as true. *Erby v. United States*, 424 F. Supp. 2d 180, 182 (D.D.C. 2006). Alternatively, a Rule 12(b)(1) motion may raise a "factual" challenge to the Court's jurisdiction. When a motion to dismiss is framed in this manner, the Court "may not deny the motion . . . merely by assuming the truth of the facts alleged by the plaintiff and

3

disputed by the defendant" but "must go beyond the pleadings and resolve any disputed issues of fact the resolution of which is necessary to a ruling upon the motion to dismiss." *Phoenix Consulting Inc. v. Republic of Angola*, 216 F.3d 36, 40 (D.C. Cir. 2000).

Here, PSA raises a facial challenge to the Court's jurisdiction, and, thus, the Court must base its decision on the allegations contained in the complaint, as supplemented by (or construed in light of) Plaintiff's *pro se* filings.  Plaintiff, moreover, bears the burden of alleging facts sufficient to establish that the Court has jurisdiction. *Didban v. Pompeo*, 435 F. Supp. 3d 168, 173 (D.D.C. 2020); *see Lujan*, 504 U.S. at 561.  The Court must, however, "assume the truth of all material factual allegations in the complaint." *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011).

### A.

As explained in its motion to dismiss, PSA contends that the Court lacks subject-matter jurisdiction under the doctrine of "derivative jurisdiction." Dkt. 8 at 4.  When a case is removed from state or local court to federal court, the jurisdiction of the federal court on removal is "derivative" of the state court's jurisdiction. *Lambert Run Coal Co. v. Baltimore & O.R. Co.*, 258 U.S. 377, 382 (1922).  This means that where "the state court [i]s without jurisdiction" over a case initially, the federal court does not "acquire jurisdiction" through the removal. *Id.*  Put differently, when confronted with a removed case over which there was no jurisdiction in state or local court at the outset, a federal district court must dismiss the case, "even if Plaintiff could have filed his complaint in federal [district] court in the first instance." *Cofield v. United States*, 64 F. Supp. 3d 206, 214 (D.D.C. 2014).  This rule does not apply across the board:  Congress has "eliminated derivative jurisdiction as a barrier to actions removed under 28 U.S.C. § 1441"—the general federal-question removal statute. *Johnson v. D.C. Metro Transit Auth.*, 239 F. Supp. 3d

293, 295 (D.D.C. 2017); 28 U.S.C. § 1441(f).  But, "for whatever reasons," Congress has maintained the doctrine of derivative jurisdiction for cases removed on other bases.  *Lopez v. Sentrillon Corp.*, 749 F.3d 347, 351 (5th Cir. 2014) (alteration omitted) (quoting *Rodas v. Seidlin*, 656 F.3d 610, 619 (7th Cir. 2011)).  And because PSA removed this case pursuant to 28 U.S.C. § 1442(a)(1), *see* Dkt. 1 at 1, the doctrine of derivative jurisdiction applies.  Accordingly, this Court has jurisdiction over the case only if the Superior Court had jurisdiction in the first place.

This, then, poses the first difficulty that the Court faces—the nature of Plaintiff's claim for relief (and thus the basis for the Court's jurisdiction) is difficult to discern.  That difficulty, standing alone, might provide sufficient basis to dismiss the complaint.  Because Plaintiff bears the burden of alleging facts sufficient to establish jurisdiction, and because neither the complaint nor Plaintiff's opposition brief identifies a cause of action, the Court might simply conclude that Plaintiff has failed to meet his burden.  That is, the Court cannot determine whether it has subject-matter jurisdiction without knowing what law Plaintiff seeks to invoke in support of his claim.  That uncertainty is particularly problematic in the present context, moreover, since Plaintiff brings suit—and seeks compensatory relief—from a federal agency, and, thus, the Court lacks jurisdiction in the absence of an applicable waiver of sovereign immunity.

PSA identifies two federal statutes that might plausibly support Plaintiff's claim:  He might intend to bring suit under either the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, or the Privacy Act, 5 U.S.C. § 552a.[3]  *See* Dkt. 8 at 4; Dkt. 1-1 at 4.  But although these statutes

---

[3] PSA also suggests that Plaintiff's claim might seek to assert a "general constitutional claim." Dkt. 8 at 4.  But, even construed in this liberal manner, the doctrine of derivative jurisdiction would still pose an insurmountable hurdle, since Plaintiff has not identified a waiver of federal sovereign immunity that would have permitted him to bring a constitutional claim against a

include limited waivers of sovereign immunity, they pose a separate problem for Plaintiff, and PSA argues that this separate problem—the doctrine of derivative jurisdiction—requires dismissal.

The FTCA provides that "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances[.]" 28 U.S.C. § 2674. The Privacy Act "regulates the collection, maintenance, use, and dissemination of information about individuals by federal agencies." *Wilson v. Libby*, 535 F.3d 697, 707 (D.C. Cir. 2008) (internal quotation marks and citations omitted). The Privacy Act authorizes money damages for "intentional or willful" misconduct by the agency as well as injunctive relief in two circumstances: wrongful withholding of documents and wrongful refusal to amend a record. 5 U.S.C. § 552a(g)(2)–(4). Here, Plaintiff alleges that PSA committed errors regarding the content of his criminal record and that he was denied a copy when he requested one. Dkt. 1-1 at 4. As PSA suggests, these allegations might plausibly fall within the ambit of the FTCA or the Privacy Act. But—critically—both the FTCA and the Privacy Act confer "exclusive jurisdiction" on the federal district courts over such actions. 28 U.S.C. § 1346(b); 5 U.S.C. § 552a(g)(5); *see Cofield*, 64 F. Supp. 3d at 214. As a result, the

---

federal agency before a D.C. court. The Administrative Procedure Act's waiver of sovereign immunity, for example, permits suits against agencies for nonmonetary relief only in federal district court. *See* 5 U.S.C. § 702. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). And, to the extent Plaintiff seeks to assert a claim for damages under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), his claim would fail "as a matter of law." *Doe v. U.S. Customs & Border Protection*, 2021 WL 980888, at *6 (D.C. Cir. Mar. 16, 2021). *Bivens* is unavailable in cases brought against the United States or "agencies of the Federal Government," *FDIC*, 510 U.S. at 486, including PSA.

6

Superior Court lacked jurisdiction over Plaintiff's claims, and, accordingly, this Court lacks derivative jurisdiction.

Thus, even construing Plaintiff's complaint liberally, the Court lacks subject-matter jurisdiction.

**B.**

Given this conclusion, the Court need not reach PSA's other arguments. The Court notes, however, that Plaintiff's complaint suffers from numerous additional flaws, at least some of which also go to the Court's jurisdiction. Most notably, to the extent Plaintiff intends to bring an action under the FTCA, he has not alleged that he has exhausted administrative remedies, and exhaustion is a jurisdictional prerequisite to bringing suit under the FTCA. *See Rasul v. Myers*, 563 F.3d 527, 528 n.1 (D.C. Cir 2009) ("Since plaintiffs failed to exhaust their administrative remedies as required by the FTCA, the district court lacked jurisdiction." (internal citation omitted)). Administrative exhaustion is also required under the Privacy Act, 5 U.S.C. § 552a(d)(1)–(3) & (g)(1); *Haase v. Sessions*, 893 F.2d 370, 373 (D.C. Cir. 1990), at least raising the question whether that requirement is also jurisdictional, *cf. Lopez v. Nat'l Archives & Records Admin.*, 301 F. Supp. 3d 78, 89 (D.D.C. 2018) ("[F]ailure to exhaust administrative remedies under the Privacy Act is a jurisdictional deficiency because exhaustion is required by statute."). For present purposes, however, the Court need not decide whether the Privacy Act exhaustion requirement is jurisdictional because the Court, in any event, lacks jurisdiction to entertain a Privacy Act claim against a federal agency that was commenced in state or local court.

## CONCLUSION

For the foregoing reasons, the Court will dismiss this case without prejudice for lack of subject-matter jurisdiction.

A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  September 6, 2024